CHONGSHENG ZHANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General,[1] Respondent.

No. 07–2693–ag.

United States Court of Appeals, Second Circuit.

Sept. 4, 2008.

Koston H. Feng, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Anthony Norwood, Senior Litigation Counsel, Kathryn L. Deangelis, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Chongsheng Zhang, a native and citizen of the People's Republic of China, seeks review of a May 30, 2007 order of the BIA affirming the November 8, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying Zhang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chong Sheng Zhang*, No. A98 718 305 (B.I.A. May 30, 2007), *aff'g* No. A98 718 305 (Immig. Ct. N.Y. City Nov. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (BIA 2007).

We conclude that the agency's adverse credibility determination is supported by substantial evidence.[2] The IJ drew an adverse inference as to Zhang's credibility after observing his demeanor, noting that Zhang "provided testimony that was affected in a monotone voice and a downward stare." We accord particular deference to such assessments of an applicant's demeanor. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005).

The agency also found suspect Zhang's omission from his asylum application any description of either the specific mistreatment he endured while detained or his responsibilities on behalf of the Falun Gong movement. Although we have held that an applicant need not include every detail of his claim in his asylum application, *see Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), the agency did not err in

relying on Zhang's omission of this information. Viewed cumulatively with the other discrepancies the agency noted, these omissions provide proper support for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006).

Moreover, the agency found that Zhang testified inconsistently regarding the Falun Gong activity he was engaged in when a policeman spotted him, and his relationship to the individual who introduced him to Falun Gong. While Zhang argues that these inconsistencies were too minor to merit consideration, in this post-REAL ID Act case, the agency was entitled to base its credibility determination on inconsistencies without regard to whether they go to "the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(iii). In any event, contrary to Zhang's contention, the inconsistencies the agency identified were not insignificant; they call into question the entirety of Zhang's claim that he was involved in Falun Gong. Because Zhang was properly deemed not credible, the agency did not err in finding that his failure to produce certain corroborative evidence rendered him unable to rehabilitate his testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006).

Even if the agency's remaining findings were in error, remand would not be required because we can "confidently predict" that the agency would adhere to its decision on remand. *See id.* at 339–40.

Finally, because the only evidence of a threat to Zhang's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withhold-

---

**2.** Because Zhang failed to raise his illegal departure and family planning claims either before the BIA or this Court, we deem those

claims abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

ing of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.